IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TACTICAL STOP-LOSS LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, )<br>)<br>Defendant. ) | Case No. 4-08-cv-00962-FJG |

**DEFENDANT TRAVELERS
CASUALTY AND SURETY COMPANY OF
AMERICA'S MOTION CHALLENGING QUALIFICATIONS OF
PLAINTIFFS' PROFFERED EXPERT AND FOUNDATION OF PROFFERED
EXPERT TESTIMONY AND TO STRIKE PROFFERED EXPERT TESTIMONY**

Defendant Travelers Casualty and Surety Company of America ("Travelers"), in accordance with *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), and this Court's Second Amended Scheduling and Trial Order (Doc. 48), challenges the qualifications of plaintiffs' proffered expert Scott B. Lakin and the foundation of his proffered expert testimony and moves to strike his expert report (Doc. 51-1 and 51-2).

1. The Second Amended Scheduling and Trial Order (Doc. 48), required that asserting party's expert affidavit(s) be filed on or before September 15, 2009, p. 2; and provided that "[P]laintiff shall submit its expert affidavit on or before September 15, 2009; " and that "[t]e affidavit requirement is subject to the provisions of Rule 26(b)(4) of said rules." Paragraph 7.a.1.

2. Paragraph 7 of the Second Amended Scheduling and Trial Order further provided:

   b. One of the purposes of the expert affidavit is to set forth the substance of a direct examination. If properly done, the expert affidavit should eliminate the

need for deposing some experts. Consequently, the detailed statements in the affidavit are essential.

c. A party's expert witness will be permitted to testify at trial only in conformity with that witness's affidavit unless otherwise ordered by the Court.

d. Any expert affidavit to be submitted under this section shall be filed with this Court.

3. On September 15, 2009, plaintiffs filed Plaintiffs' Expert Disclosure of Scott Lakin (Doc. 51), his expert report (Doc. 51-1) and his curriculum vita (Doc. 51-2).

4. Contrary to the express requirements of Second Amended Scheduling and Trial Order, plaintiffs failed to file any affidavit from Mr. Lakin.

5. Mr. Lakin's expert report fails to comply with the requirement of Fed.R.Civ.P. 26(a)(2)(B)(iv) that it contain "the witnesses qualifications, including a list of all publications authored in the previous 10 years

6. Mr. Lakin expresses an opinion on subjects as to which he does not possess the requisite knowledge, skill, experience, training, or education, as required by Fed.R.Evid. 702.

7. Mr. Lakin expresses an opinion on facts as to which he does not provide any basis for his opinion, rendering it inadmissible because it is (1) not based upon sufficient facts or data, (2) not the product of reliable principles and methods, and (3) there is no way to know whether the witness has applied the principles and methods reliably to the facts of the case, as required by Fed.R.Evid. 702. Moreover, Mr. Lakin's expert report as to coverage for plaintiffs' claim is based upon conjecture or speculation and ignores the fact that Ms. Griffith's only involvement in the fraudulent scheme was by way of collusion with Mr. Fox, which brings the claim squarely within the Officer-Shareholder exclusion.

8. Defendant Travelers incorporates by reference its Suggestions in Support in this Motion.

Defendant Travelers, therefore, challenges the qualifications of plaintiffs' proffered expert Scott B. Lakin and the foundation of his proffered expert testimony and moves to strike his expert report .

s/ Keith Witten
KEITH WITTEN
GILLILAND & HAYES, P.A.
Building 14, Suite 630
8717 West 110th Street
Overland Park, KS 66210
(913) 317-5100
Fax: (913) 317-9100
kwitten@gh-kc.com

**ATTORNEYS FOR DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA OF AMERICA**

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to the following: Leonard Rose, Amy Loth Allen and Kate O'Hara Gasper, Lathrop & Gage, L.C., 2345 Grand Boulevard, Kansas City, MO 64108, attorneys for plaintiffs Tactical Stop-Loss, L.L.C. and TSL Holdings, L.P.; and I certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: none.

s/ Keith Witten
Attorneys for defendant Travelers Casualty and Surety Company of America of America