# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TACTICAL STOP-LOSS LLC, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 4-08-cv-00962-FJG** |
| | ) | |
| TRAVELERS CASUALTY AND SURETY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPLY SUGGESTIONS IN SUPPORT OF DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION CHALLENGING QUALIFICATIONS OF PLAINTIFFS' PROFFERED EXPERT AND FOUNDATION OF PROFFERED EXPERT TESTIMONY AND TO STRIKE PROFFERED EXPERT TESTIMONY

Defendant Travelers Casualty and Surety Company of America ("Travelers") has moved in accordance with *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), and this Court's Second Amended Scheduling and Trial Order (Doc. 48), to challenge the qualifications of plaintiffs' proffered expert Scott B. Lakin and the foundation of his proffered expert testimony and to strike his expert report (Doc. 51-1 and 51-2). Plaintiffs have filed Suggestions in Opposition to Travelers Motion (Doc. 69) and Travelers wishes to respond briefly to the Suggestions in Opposition.

## I. PLAINTIFFS HAVE MISCHARACTERIZED TRAVELERS ARGUMENT

Initially, plaintiffs claim on p. 2 of their Suggestions in Opposition that Travelers concedes that Mr. Lakin is qualified to issue an opinion on Traveler's "vexatiousness" and only challenges his coverage opinion. They direct the Court's attention to p. 3 of the Suggestions in

Support (Doc. 60). But neither that page of the Suggestions in Support nor anywhere else does Travelers make that concession. In fact, Section III.B of the Suggestions in Support specifically argues that because Mr. Lakin's curriculum vitae reveals that he has no experience in handling insurance claims, generally, nor any experience in handling fidelity claims, in particular, he lacks the requisite knowledge, skill, experience, training, or education to render an opinion as to the alleged "vexatiousness" of Travelers.

## II. OBJECTIONS TO PROFFERED TESTIMONY

### A. Lack of Affidavit

Plaintiffs have cured, albeit in an untimely fashion, their failure to file any affidavit from Mr. Lakin.

### B. Failure to Provide List of All Publications

Plaintiffs argue that a general description of Mr. Lakin's publications is sufficient under Fed.R.Civ.P. 26(a)(2)(B)(iv). That contention is belied by the express (and mandatory) require-ment of that Rule that "the report *must contain*: . . . (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years [emphasis added]." Given the fact that Mr. Lakin's curriculum vitae does not provide any detail whatsoever concerning any publica-tions and that plaintiffs have made no effort once this defect was pointed out to supplement his report in an effort to cure this defect, Travelers believes it is appropriate to strike the report for plaintiffs' apparent disregard of that requirement. *See, e.g., Eagle Well Service, Inc. v. Central Power Systems & Services, Inc.*, 2009 WL 2776852 (D.Kan., Sep 01, 2009) (where plaintiff when alerted to deficiencies in expert report corrected the deficiencies, Court would not strike expert report); *Maddox v. Heritage Properties, Inc.*, 2009 WL 1155389 (N.D.Miss., Apr 28,

2009) (Court would decline to allow plaintiffs to "supplement" their designation of experts when it would actually amount to designating an expert out of time).

### C. Lack of requisite knowledge, skill, experience, training, or education

Plaintiffs argue that Mr. Lakin does have sufficient knowledge, skill, experience, training, or education to be permitted to testify under Fed.R.Evid. 702. In so doing, plaintiffs' counsel "testify" on p. 4 of their Suggestions in Opposition that "Targeted Market Conduct Examinations are often conducted in response to consumer complaints of insurer's unreasonable delays and wrongful denials of coverage" without the benefit of any support for that statement in the Expert Report. They also fail to controvert the fact that neither Mr. Lakin's Expert Report nor his curriculum vitae reveal any experience in handling insurance claims, generally, nor any experience in handling fidelity claims. Plaintiffs claim that the Eighth Circuit ruled in *Cedar Hill Hardware & Const. Supply, Inc. v. Insurance Corp. of Hannover*, 563 F.3d 329 (8th Cir. 2009) that a former Director of the Missouri Department of Insurance was qualified to give opinions as to coverage and reasonableness of an insurer's conduct in handling a claim. However, in that case, the District Court excluded the proposed expert witness's testimony on arson, which was the coverage question, and the Court of Appeals did not review that ruling. *Id.* at 338, 343-44. While the Court of Appeals did affirm the District Court's ruling that the expert was qualified, it found that his qualifications included "exhaustive experience in the insurance industry", as well as his service as Director of the Missouri Department of Insurance. *Id.* at 343.44. Moreover, that case involved a claim under a fire policy, not one under a fidelity bond or policy of fidelity insurance.

**D. Lack of any Basis for Opinion as to Coverage for Claim**

Plaintiffs claim that Mr. Lakin (1) used appropriate methods to issue his opinion that plaintiffs' claim is covered, (2) his failure to consider that the policy of insurance does not excludes coverage for loss resulting directly or indirectly from any fraudulent, dishonest or criminal act committed by an Officer-Shareholder, *whether acting alone or in collusion with others* [emphasis added] does not render his opinion unreliable and (3) the failure to consider that exclusion is not an appropriate factor to consider in a *Daubert* motion. The cases cited by Travelers in its Suggestion in Support are to the contrary, however. *Sciranko v. Fid. & Guar. Life Ins. Co*., 503 F. Supp. 2d 1293, 1324 (D. Ariz. 2007), which plaintiffs claim does not deal with an expert's qualifications, does note that the expert's testimony "utterly disregards the fact that the policy exclusion for undisclosed preexisting conditions rendered superfluous an exhaustive review of the nature and effect of [the plaintiff's] disability." *Id.* at 1324.

Moreover, it is well-recognized that a report is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. *Smolowitz v. Sherwin-Williams Co.*, 2008 WL 4862981 (E.D.N.Y., Nov 10, 2008). The reason for that is that bald conclusions on the ultimate issues do not amount to a detailed and complete written report of the expert's expected testimony. *Id. See* Advisory Committee's note on 1993 amendment, which states that the proposed expert "must prepare a *detailed and complete report*, stating the testimony the witness is expected to present during direct examination, *together with the reasons therefo*r" [emphasis added].

## III. CONCLUSION

For the foregoing reasons defendant Travelers challenges the qualifications of plaintiffs'

proffered expert Scott B. Lakin and the foundation of his proffered expert testimony and moves

to strike his expert report.

> s/ Keith Witten
> KEITH WITTEN
> GILLILAND & HAYES, P.A.
> Building 14, Suite 630
> 8717 West 110th Street
> Overland Park, KS 66210
> (913) 317-5100
> Fax: (913) 317-9100
> kwitten@gh-kc.com
>
> **ATTORNEYS FOR DEFENDANT TRAVEL-
> ERS CASUALTY AND SURETY COMPANY
> OF AMERICA OF AMERICA**

## CERTIFICATE OF SERVICE

I certify that on this 14th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Leonard Rose, Amy Loth Allen and Kate O'Hara Gasper, Lathrop & Gage, L.C., 2345 Grand Boulevard, Kansas City, MO 64108, attorneys for plaintiffs Tactical Stop-Loss, LLC, TSL Holdings, Inc. and American Trust Administrators, Inc.; and I certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants: none.

> s/ Keith Witten
> Attorneys for defendant Travelers Casualty and Surety Company of America of America