# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TACTICAL STOP-LOSS LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) No. 08-0962-CV-W-FJG | |
| TRAVELERS CASUALTY AND SURETY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is Defendant Travelers Casualty and Surety Company of America's Motion Challenging Qualifications of Plaintiffs' Proffered Expert and Foundation of Proffered Expert Testimony and to Strike Proffered Expert Testimony (Doc. No. 59).

## I.   Background

Plaintiffs are Tactical Stop-Loss, LLC, TSL Holdings, Inc., and American Trust Administrators.  Plaintiffs purchased an insurance policy from Defendant Travelers that purportedly provides insurance coverage for employee theft and ERISA fidelity theft. Plaintiffs allege that their former president (James E. Fox) took ultra vires and illegal actions by diverting large amounts of money into personal bank accounts other improper accounts. Plaintiffs state that their vice president and chief operating officer (Terry Griffith) was acting in collusion with Fox to illegally divert Tactical & ATA's funds.  Plaintiffs state that they notified defendant of these thefts, which are purportedly covered by their policy with defendant.  Plaintiffs allege that defendant failed to respond to plaintiffs' demand for coverage.  In its answer, defendant argues that the policy does not provide coverage for the loss caused by Mr. Fox because officer-shareholder theft is excluded from coverage. Defendant appears to argue that any loss caused by Ms. Griffith is excluded from coverage because she was aiding and abetting Mr. Fox.

II. **Defendant Travelers Casualty and Surety Company of America's Motion Challenging Qualifications of Plaintiffs' Proffered Expert and Foundation of Proffered Expert Testimony and to Strike Proffered Expert Testimony (Doc. No. 59)**

Defendant moves to strike the expert testimony of Scott Lakin, the former director of the Missouri Department of Insurance, because (1) plaintiffs failed to submit its expert report in affidavit form, contrary to the Court's Scheduling and Trial Order[1]; (2) Mr. Lakin's report fails to comply with the requirement of Fed. R. Civ. P. 26(a)(2)(B)(iv) in that it does not contain "a list of all publications authored in the previous 10 years"; (3) Mr. Lakin expresses an opinion on subjects as to which he does not possess the requisite knowledge, skill, experience, training, or education, as required by Fed. R. Evid. 702; and (4) Mr. Lakin expresses an opinion that is inadmissible as it is (a) not based upon sufficient facts or data, (b) not the product of reliable principles and methods, and (c) there is no way to know whether the witness has applied the principles and methods reliably to the facts of the case.

In its response, plaintiffs ask that the Court deny defendant's motion, or in the alternative, allow plaintiffs leave to supplement Mr. Lakin's expert report in accordance with Fed. R. Civ.P. 26(e)(2).[2]

A. Failure to comply with Fed. R. Civ. P. 26(a)(2)(B)(iv)

Defendant notes that Mr. Lakin has not provided a specific list of all publications

---

[1]Plaintiffs cured this defect by providing an affidavit from Mr. Lakin, attached to their response to the pending motion (Doc. No. 69, Ex. 1). The Court agrees with plaintiffs that defendant suffers no prejudice from this failure. However, the Court will consider the remaining grounds in defendant's motion to strike.

[2]The Court finds that plaintiffs' request to supplement the expert report should be **DENIED**. Plaintiffs should be aware of the requirements established by Fed. R. Civ. P. 26, Fed. R. Evid. 702, and Daubert, and should have been cognizant of the problems in Mr. Lakin's report. The Court will not reward plaintiffs for their failures in this matter.

authored in the previous 10 years. Instead, Mr. Lakin's curriculum vitae states that he has published "Various and occasional articles and op-ed pieces between March of 2001 and January 2005. Exact titles and dates unknown." Defendant notes that the purpose of requiring disclosures of publications is to reduce the length of, or even eliminate, the need for a deposition of the proffered expert. See Second Amended Scheduling and Trial Order (Doc. No. 48, ¶ 7.b.). Further, the purpose of these expert witness disclosures is to allow "the opposing party a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir.2002) (quotation omitted). When the requirements of Rule 26(a) are not met, the offending party is prohibited from using the witness unless the failure was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). To determine whether the admission of the expert opinion is justified or harmless the court looks to the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir.1999).

   Plaintiffs argue in response that Mr. Lakin did provide a general description of his publications, which were published during his tenure as Director of the Missouri Department of Insurance. Plaintiffs state that in this capacity, Mr. Lakin occasionally authored opinion and editorial articles on insurance issues, and the Department's press assistant distributed these articles to numerous publications in a manner similar to press releases. Plaintiffs assert that Mr. Lakin has no knowledge or record of whether or when specific publications printed the articles, and compiling a list of published articles would be impossible. Plaintiffs

state that the expert report complies with Rule 26 because it put defendant on notice that Mr. Lakin has published "op-ed" articles on insurance issues during his time as Director, and the absence of specificity is substantially justified and harmless to defendant. Plaintiffs state that defendant suffers no prejudice from the general description, and neither Mr. Lakin nor his expert report should be excluded on this basis. Notably, plaintiffs provide no case law or other authority supporting the position that just because someone has published often, it is impossible to prepare a list of published works, and the Court has found no such authority in conducting its own research.

Defendant states that plaintiffs' position is belied by the express and mandatory requirements of Fed. R. Civ. P. 26(a)(2)(B), which state that "the report <u>must contain:</u> . . . (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years [emphasis added]." Defendant notes that Lakin's report does not provide any detail whatsoever as to his publications, and plaintiffs made no effort once this defect was pointed out to supplement Mr. Lakin's report. Thus, defendant argues that it is appropriate to strike the report for plaintiffs' apparent disregard of that requirement. <u>See, e.g.</u>, <u>Eagle Well Service, Inc. v. Central Power Systems & Services, Inc.</u>, 2009 WL 2776852 (D. Kan., Sept. 1, 2009)(where plaintiff cured deficiencies in the expert report upon notification by the opposing side, the Court would not strike the expert report); <u>Maddox v. Heritage Properties, Inc.</u>, 2009 WL 1155389 (N.D. Miss., Apr. 28, 2009)(declining to allow plaintiffs to "supplement" their designation of experts when it would actually amount to designating an expert out of time).

After considering the matter, the Court agrees with defendant that plaintiffs' expert report must be stricken on this basis, as plaintiffs have failed to meet the mandatory requirements of Fed. R. Civ. P. 26(a)(2)(B). Further, once notified of this defect, plaintiffs

chose not to attempt to cure this problem existing within their expert's report. Therefore, defendant's motion to strike Mr. Lakin's testimony will be **GRANTED**.

B.   Lack of requisite knowledge, skill, experience, training, or education.

In the alternative, defendant states that Mr. Lakin lacks the requisite knowledge, skill, experience, training, or education to offer his opinions, pursuant to FRE 702.

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert evidence must show by a preponderance of the evidence that the expert is qualified to render his opinion and the methodology underlying his conclusions is valid. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 857-58 (8th Cir. 2006).

Defendant notes that in Novak v. Progressive Halcyon Ins. Co., 2005 WL 5989782 (M.D. Pa. 2005), the plaintiff sought to call an attorney who was the former Pennsylvania Insurance Commissioner to testify as to the appropriateness of the insurer's claims handling practices. The District Court held that the witness's experience as Insurance Commissioner did not make her an expert in regard to insurance claims handling and settlement practices. Id. at *5. Defendant states that the same reasoning applies to Mr. Lakin, as his CV indicates that (1) he was Director of the Missouri Department of Insurance, (2) his written report indicates that he intends to testify on the basis of his experience as the Director of the Missouri Department of Insurance as to defendant's claims handling procedures, but (3) he has no experience in handling insurance claims generally nor (4)

any experience in handling fidelity claims, specifically.

Plaintiffs argue that Mr. Lakin has sufficient knowledge, skill, and experience to render his opinions as to both coverage and the unreasonableness of defendant's claim's handling procedures. Plaintiffs note that Mr. Lakin first entered the insurance industry in 1983 when he worked as an insurance agent (Lakin Resume, Doc. No. 51, Ex. 2). Lakin is currently the president of Keystone Mutual Insurance Company. Further, he served as the Director of the Missouri Department of Insurance from March 2001 to January 2005. Plaintiffs assert that one of Lakin's responsibilities was ordering Targeted Market Conduct Examinations. Id. These Examinations can result in fines or administrative orders to cure the violations. Id. Therefore, plaintiffs argue that as Director, Mr. Lakin developed an expertise in critiquing insurance claims handling and identifying wrongful denials.

Plaintiffs further note that the Eighth Circuit has recently recognized that a different former Director of the Missouri Department of Insurance was qualified to give opinions as to coverage and unreasonableness with regard to a Missouri vexatious refusal to pay claim. Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover, 563 F.3d 329, 343-44 (8th Cir. 2009) (noting that Mr. Christ "had exhaustive experience in the insurance industry and had served as the Director of Insurance for the State of Missouri. Clearly Christ was 'qualified as an expert by knowledge, skill, experience, training, or education' who held 'specialized knowledge' that could 'assist the trier of fact to understand the evidence or to determine a fact issue.'").

Defendant replies that plaintiffs' counsel are "testifying" when they state that "Targeted Market Conduct Examinations are often conducted in response to consumer complaints of insurer's unreasonable delays and wrongful denials of coverage," arguing that statement does not appear in the Expert Report. Also, defendant notes that plaintiffs

fail to controvert the fact that neither Mr. Lakin's Expert Report nor his curriculum vitae reveal any experience in handling insurance claims generally, nor any experience in handling fidelity claims. Defendant also attempts to distinguish Cedar Hill from the present matter, noting that, in Cedar Hill, the District Court excluded the proposed expert witness's testimony as to a coverage question (as to evidence supporting a finding of arson), and the Court of Appeals did not review that ruling. See 563 F.3d at 338, 343-44. Further, the Court of Appeals found that the expert in Cedar Hill had "exhaustive experience in the insurance industry," as well as serving as the Director of the Missouri Department of insurance. Id. at 343-44. Additionally, defendant notes that Cedar Hill involved a claim under a fire policy, not a claim under a fidelity bond or policy of fidelity insurance.

The Court notes finds that Mr. Lakin's report should be stricken, as plaintiffs have not demonstrated that Lakin has the knowledge, skill, experience, training, or education to render his opinions, both as to claims handling and as to coverage under the policy. The proponent of expert evidence must show by a preponderance of the evidence that the expert is qualified to render his opinion and the methodology underlying his conclusions is valid. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 857-58 (8th Cir. 2006). Plaintiffs have not done so. Therefore, defendant's motion to strike will be granted on this basis, as well.

C. Lack of any Basis for Opinion as to Coverage for Claim

Defendant states that Mr. Lakin's opinion as to whether there is any coverage for the claim at issue in this lawsuit is (1) not based on sufficient facts or data, (2) not the product of reliable principles and methods, and (3) there is no way to know whether the witness has applied the principles and methods reliably to the facts of the case. See Fed. R. Evid. 702.

The proponent of expert evidence must show by a preponderance of the evidence

that the expert is qualified to render his opinion and the methodology underlying his conclusions is valid. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 857-58 (8th Cir. 2006). Under Daubert all expert testimony must be "[n]ot only relevant, but reliable." See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). Furthermore, "[w]here opinion evidence . . . is connected to existing data only by the ipse dixit of the expert, a district court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." Pro Serv. Auto., L.L.C. v. Lenan Corp., 469 F.3d 1210, 1216 (8th Cir. 2006).

> Mr. Lakin's opinion in full as to whether the claim should have been covered is:
>
> Plaintiffs should be entitled to indemnity under the Policy for the loss and damage they suffered from the actions of Griffith in collusion with Fox. Upon review of the materials I believe that the Missouri Department of Insurance would have strongly encouraged Travelers to pay the claim based on the fact that Ms. Griffith did not have an ownership interest in the company and coverage appears to apply to loss and damage perpetuated by employees with no ownership interest. In my opinion, there is no good faith basis for denial.

See Doc. No. 51, Ex. A, p. 4.

Defendant argues that, by making this opinion, Mr. Lakin fails to consider the fact that the Policy (Doc. No. 1, Ex. A) provides at page 12 of 21 an exclusion for "loss resulting directly or indirectly from any fraudulent, dishonest or criminal act committed by you, your natural person partners, any LLC Member or Officer-Shareholder, whether acting alone or in collusion with others . . . ." Defendant notes that paragraphs 12-15 of the complaint (which Lakin indicates he reviewed) indicate that Griffith was acting in collusion with Fox (or aiding and abetting Fox) to illegally divert Tactical's funds. Defendant states that since Mr. Lakin's opinion fails to consider the effect of the allegations of collusion in the complaint and the express exclusion of coverage for loss caused by Mr. Fox as an officer-shareholder

and those acting in collusion with him, his opinion is not based upon all the pertinent facts and instead supplies nothing but a bottom line. Further, defendant indicates that Lakin provides no basis for his opinion, rendering it inadmissible because it is (1) not based on sufficient facts or data, (2) not the product of reliable principles and methods, and (3) there is no way to know whether the witness has applied the principles and methods reliably to the facts of the case.

In response, plaintiffs argue (1) Mr. Lakin's report indicates that he reviewed the Policy, a statement by Griffith, the Complaint, and the parties' various discovery responses, and then used his expertise as Director of the Missouri Department of Insurance and familiarity with Missouri insurance regulations to assess defendant's handling and denial of plaintiffs' claim; and (2) defendant's argument regarding the applicability of a policy exclusion is inappropriate in a Daubert motion, as it does not concern Mr. Lakin's qualifications or methods.

In reply, defendant argues it is well-recognized that a report is deficient if it fails to include any of the underlying conclusions on which the expert's ultimate opinions are based. Smolowitz v. Sherwin-Williams Co., 2008 WL 4862981 (E.D. N.Y., Nov. 10, 2008). The reason for that is that bald conclusions on the ultimate issues do not amount to a detailed and complete written report of the expert's expected testimony. Id. See Advisory Committee's note on 1993 amendment, which states that the proposed expert "must prepare a detailed and complete report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor [emphasis added]."

After considering the parties' arguments, the Court agrees with defendant that the report should be stricken on this basis, as well. A proper expert opinion on this type of issue would typically cite the sections of the policy that would be applicable to the plaintiffs'

9

claims, and then would apply the relevant policy provisions to the facts of the case. Here, Mr. Lakin simply testifies that he believes that the Missouri Dept. of Insurance would likely have encouraged defendant to pay the claim because Ms. Griffith did not have an ownership interest in the company (not citing to where in the policy this factor comes into play). In other words, Mr. Lakin has made a bald conclusion on an ultimate issue in this case, without performing any intervening analysis as to why this claim ought to have been paid. Therefore, defendant's motion to strike Mr. Lakin's testimony will be granted on this alternate basis, as well.

## III.    Conclusion

Therefore, for all the foregoing reasons, Defendant's Motion Challenging Qualifications of Plaintiffs' Proposed Expert and Foundation of Proffered Expert Testimony and to Strike Proffered Expert Testimony (Doc. No. 59) is **GRANTED**.

**IT IS SO ORDERED.**

Date: <u>February 2, 2010</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge